UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE LEWIS

    Plaintiff,

v.                                        CASE No. 8:08-CV-355-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security misstated and misapplied the vocational expert's testimony in determining that the plaintiff is not disabled, it will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was forty-six years old at the time of the most recent administrative hearing and who has a bachelor's degree in accounting

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

(Tr. 369), has been employed as a financial analyst, health program analyst, teacher, sandwich maker, and tutor (Tr. 142). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to severe depression and bipolar disorder (Tr. 126). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a *de novo* hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of affective disorder and "status post URI" (Tr. 25g). He concluded that these impairments resulted in "mild restrictions of activities of daily living; mild difficulties in maintaining social functioning; and moderate difficulties in maintaining concentration, persistence, or pace, without episodes of decompensation" (Tr. 25j). The law judge determined that, despite these restrictions, the plaintiff could return to prior work as a teacher (Tr. 25i). The law judge therefore ruled that the plaintiff was not disabled.

Upon the plaintiff's request for review, the Appeals Council remanded the matter for another hearing (Tr. 88). Among other things, the Appeals Council directed the law judge to give further consideration to

whether the plaintiff's residual functional capacity permits her to perform prior work and, if warranted, to obtain evidence from a vocational expert (Tr. 89).

Upon remand, a different law judge conducted another hearing, at which the plaintiff, her mother, and a vocational expert testified. The second law judge found that the plaintiff has severe impairments of affective disorder and status post upper respiratory infection (Tr. 19). The law judge determined that the impairments do not limit the plaintiff's capacity to perform a full range of work at all exertional levels (Tr. 21). However, he found that the plaintiff has mental impairments in that she can understand, remember, and carry out short and simple instructions; is moderately limited in maintaining attention and concentration and in carrying out detailed instructions; and is moderately limited in her ability to perform work at a consistent pace (Tr. 21-22). The law judge concluded that, notwithstanding these limitations, the plaintiff was capable of performing past relevant work as a financial analyst or a health program analyst (Tr. 24). Accordingly, the law judge found that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two grounds. At least one of the plaintiff's arguments, if not both, warrants reversal of the law judge's decision.

The plaintiff contends that the law judge erred when he concluded that the plaintiff could return to work as a financial analyst and health program analyst (Doc. 19, pp. 9-10). In his determination of the plaintiff's residual functional capacity, the law judge found that she is moderately limited in maintaining attention and concentration and in carrying out detailed instructions (Tr. 21-22). Further, he concluded that the plaintiff is moderately limited in her ability to perform work at a consistent pace (Tr. 22).

In light of the plaintiff's functional limitations, the law judge employed the use of a vocational expert. Marbury v. Sullivan, 957 F.2d 837 (11th Cir. 1992); Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). Although, as the Commissioner noted, at least in some cases vocational expert testimony is not required when considering whether the plaintiff could perform her past relevant work, Lucas v. Sullivan, 918 F.2d 1567, 1573 n. 2

(11th Cir. 1990), in this case, the law judge did employ a vocational expert, consistent with the Appeals Council's instructions on remand (Tr. 89).

At the hearing, the law judge asked the vocational expert to describe the plaintiff's past work. The expert stated that the job of fast food worker is a light, unskilled position, with an SVP of 2 (Tr. 396). Teaching positions are also light work, but skilled with an SVP of 6 (id.). Finally, the expert testified that the plaintiff's prior work as an analyst is sedentary, but is a highly skilled position with an SVP of 7 "involving calculating, verifying, posting details, summarizing ledgers and compiling records" (id.). The law judge then asked the expert whether a person with the same age, education, and experience as the plaintiff is able to perform the plaintiff's past work with the same restrictions as he included in her residual functional capacity (Tr. 396-97). In this respect, the law judge stated (Tr. 397):

> Assume that I find that she presents restrictions of activities of daily living and difficulties in maintaining social functioning are mild, and the difficulties in maintaining concentration, persistence or pace are moderate. Her ability to carry out detailed instructions and to maintain attention and concentration for extended periods are moderately limited. And her ability to complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace

without an unreasonable number and length of rest periods moderately limited.

The vocational expert concluded that the plaintiff could perform her past work as a fast food worker, elementary teacher, teacher's aide, and substitute teacher. However, with respect to her ability to perform as an analyst, the expert stated, "I have doubts about the concentration required even if it's moderately restricted to perform the higher level functioning of financial analyst due to the work pace there" (id.). Despite that testimony, the law judge concluded that the plaintiff could perform her past work as an analyst but did not find that she could perform any other of her past jobs (Tr. 24). In support of this conclusion, the law judge stated (id.):

> The vocational expert testified that the claimant's past work as a financial analyst and health program analyst (Dictionary of Occupational Title # 160.162-026) were [sic] skilled and sedentary in physical demand. The vocational expert further testified that based on the above mental limitations, the claimant is able to perform her past relevant work.
>
> In comparing the claimant's mental functional capacity with the mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

As indicated, the only prior jobs that the law judge found that the plaintiff could perform were financial analyst and health program analyst (id.). However, those were the only jobs that the vocational expert did not say that the plaintiff could perform. While the expert's answer about those jobs was not entirely clear, the import of the answer was that the plaintiff could not perform them. In all events, the answer does not provide substantial evidence to support a finding that the plaintiff could perform the analyst jobs. Notably, "[t]he Commissioner agrees that the VE testimony is not consistent with the ALJ's findings" (Doc. 20, p. 16).

The Commissioner asserts that the law judge was not required to call a vocational expert (id., p. 17). In light of the plaintiff's moderate limitations in maintaining attention and concentration and in carrying out detailed instructions, coupled with the skilled nature of the analyst jobs, that assertion is unpersuasive. In any event, he did use a vocational expert (as suggested by the Appeals Council), and the expert's testimony is inconsistent with the law judge's findings regarding the plaintiff's ability to perform the analyst jobs.

The Commissioner argues further that the finding that the plaintiff could perform past work is supported by the expert's testimony that

the plaintiff could perform jobs in teaching or as a fast food worker. While the expert did express those opinions, they were not even mentioned by the law judge, much less accepted by him. The law judge, in other words, did not find that the plaintiff could perform jobs as a teacher or fast food worker.

The responsibility to make such a finding is given to the law judge, and it is inappropriate for the court to assume that duty. See McDaniel v. Bowen, 800 F.2d 1026, 1032 (11th Cir. 1986); Dixon v. Astrue, 2009 WL 353300, at *2 (11th Cir. 2009)(unpub. dec.). That is particularly so in this case where there are reasons why the law judge may have decided not to make findings regarding teaching or fast food work. Thus, an examining psychologist, Dr. Kevin M. Kindelan, stated, "[t]here is no way, in my opinion, that she could be in a classroom teaching at this time" (Tr. 215). As a result, before a finding could be made that the plaintiff could return to past work as a teacher, an adequate explanation would need to be given for discounting Dr. Kindelan's opinion.

With respect to past employment as a fast food worker, the plaintiff testified that she only did that job for about one month and that she did not do well at it (Tr. 370), adding that she was slow (Tr. 377). Also, the plaintiff's representative stated that the job lasted less than ninety days so that

-10-

it was not substantial gainful activity and does not qualify for past relevant work, to which the law judge responded, "Okay" (Tr. 399). Thus, these matters would need to be addressed before a finding could be made that the plaintiff could perform past relevant work as a fast food worker.

Consequently, the law judge's unsupported finding that the plaintiff could return to work as an analyst cannot be rectified by this court making alternative findings that the plaintiff can perform past work as a teacher or fast food worker. The error in the law judge's finding, therefore, requires a remand.

The plaintiff also contends that the law judge failed to give proper weight to the evidence from treating and examining physicians (Doc. 19, pp. 7-9). Insofar as the plaintiff challenges the law judge's handling of the evidence from Dr. Kindelan, that contention has force.

The law judge said that he gave significant weight to Dr. Kindelan's opinion that the plaintiff was able to work (Tr. 24). However, that does not accurately state Dr. Kindelan's opinion. Dr. Kindelan stated that the plaintiff impresses him "as being able to work but probably not in a competitive marketplace" (Tr. 215). This statement is not reasonably construed to mean, as the law judge did, that the plaintiff is able to work.

Dr. Kindelan said further that the plaintiff "probably is well placed now working at the Salvation Army tutoring children. There is no way, in my opinion, that she could be in a classroom teaching at this time" (Tr. 215). The reference to work at the Salvation Army also cannot be interpreted to mean that Dr. Kindelan thought that the plaintiff's ability to work was not meaningfully restricted. The plaintiff only worked there a few hours each week (Tr. 23). Moreover, her contract to perform that job was not renewed, apparently because she was too slow (Tr. 378).

In sum, the law judge clearly misconstrued Dr. Kindelan's opinion. It is unnecessary to resolve whether this error would warrant reversal since, in all events, reversal is required by the other error raised by the plaintiff.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby REVERSED, and the matter is REMANDED to the Commissioner for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 23rd day of February, 2009.

*Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE